EDITH BELL WITTERS, Respondent, v. METRO-
POLITAN STREET RAILWAY COMPANY,
Appellant.

Kansas City Court of Appeals, November 7, 1910.

1. **STREET RAILWAYS: Negligence: Injuries on Curve.** Plain-
was injured while a passenger on a crowded electric street car
going around a curve. She was standing in the aisle holding on
to a strap, and was thrown down and against an arm of a seat
while the car was going around the curve at a rapid rate of
speed. Other passengers were thrown down at this curve in a
similar manner, and some more or less thrown about. It was
shown that motormen in charge of electric cars can moderate
its speed in going over a curve, so as not to endanger the pas-
sengers. *Held,* that the demurrer to the evidence was properly
overruled.

2. ————: ————. Where the speed of an electric car going
around a curve is unusual and unavoidable, then the passengers
thereon assume the risk of being injured, but where the speed
is usual, and not unavoidable, and at the same time dangerous
to passengers, they do not assume any such risk.

Appeal from Jackson Circuit Court.—*Hon. James E.
Goodrich,* Judge.

AFFIRMED.

*John H. Lucas* and *F. G. Johnson* for appellant.

(1) The demurrrer should have been sustained,
because there was no evidence of any unusual, negli-
gent or dangerous speed of said car in rounding said
curve. Hite v. Railroad, 130 Mo. 132; 2 White on
Personal Injuries on Railroads, sec. 661; Pryor v.
Railroad, 85 Mo. App. 367; Bartley v. Railroad, 148
Mo. 124; Allen v. Transit Co., 183 Mo. 435; Sexton v.
Railroad, 98 Mo. App. 495; Moser v. Railroad
(Ky.), 74 S. W. 1909; Burns v. Railroad
(Mass.), 66 N. E. 418. (2) The court erred
in giving instruction No. 2p., because it enlarges
the issues made by the pleadings and unsupported by

the evidence. Detrich v. Railroad (K. C. Ct. App., not. yet reported); Beave v. Transit, 212 Mo. 331; Roscoe v. Railroad, 202 Mo. 576; Orcutt v. Century Bldg. Co., 201 Mo. 424; McGrath v. Transit Co., 197 Mo. 97. (3) The court erred in giving instruction No. 3p., because it enlarges the issues made by the pleadings, and is unsupported by the evidence. Detrich v. Railroad (K. C. Ct. App.); Beave v. Transit Co., 212 Mo. 331; Degonia v. Railroad, 123 S. W. 807; Black v. Railroad, 217 Mo. 672. (4) Where specific acts of negligence are pleaded, it devolves upon the plaintiff to prove the acts of negligence pleaded, and, if she recover at all, it must be on the specific acts of negligence pleaded, and not otherwise. Detrich v. Railroad (K. C. Ct. App.); Black v. Railroad, 217 Mo. 672; Beave v. Railroad, 111 S. W. 52; Kennedy v. Railroad, 128 Mo. App. 297. (5) The rule of *res ipsa loquitur* does not apply where the acts of negligence complained of are specifically pleaded. See authorities cited under point 4. (6) It is not negligence not to take precautionary measures to prevent an injury which, if taken, would have prevented it, when the injury could not reasonably have been anticipated, and would not, unless under exceptional circumstances have happened. Brewing Assn. v. Talbot, 141 Mo. 674; Chandler v. Gas. Co., 174 Mo. 327; Fuchs v. St. Louis, 167 Mo. 626; Ray on Negligence, p. 133; Strack v. Tel. Co., 116 S. W. 526; 29 Cyc., pp. 493-495; Webb's Pollock on Torts (enlarged Am. Ed., 45-46). (7) An instruction not based on the evidence is erroneous and should not be given. Hahn v. Cotton, 136 Mo. 216; Smith v. City of Sedalia, 152 Mo. 283; Press B. & M. Co. v. Buick & Q. Co., 151 Mo. 501. (8) Statements of witnesses contradictory of general knowledge, or opposed to physical facts, or contrary to the operation and effect of natural forces should not be accepted by any court. Scroggins v. Railroad, 120 S. W. 731; Strack v. Tel. Co., 216 Mo.

601; Browning v. Railroad, 106 Mo. App. 729; Fuchs v. City of St. Louis, 167 Mo. 620; Demaet v. Storage Co., 121 Mo. App. 92; Warner v. Railroad, 178 Mo. 131. (9) Where the preponderance of the evidence against the verdict is so strong as to raise a presumption of passion, prejudice or gross negligence on the part of the jury, the appellate court should set aside such verdict. Lehnick v. Railroad, 118 Mo. App. 611; Spohn v. Railroad, 87 Mo. 84; Price v. Evans, 49 Mo. 336; Fugler v. Bothe, 117 Mo. 501.

*Henry J. Latshaw* and *M. B. Aaron* for respondent.

BROADDUS, P. J.—This is a suit to recover damages for injuries sustained by plaintiff by reason of the alleged negligence of defendant while she was a passenger on one of its street cars.

The injury was received at Twenty-second and Charlotte streets in Kansas City, Missouri, at about the hours of 6:20 o'clock p. m. on January 10, 1907. At about 6 o'clock it was the habit of plaintiff who was employed in Peck's dry goods store in said city to quit her work and take passage on what was known as the Holmes street electric cars, near the corner of Eleventh and Main streets. She was accompanied as usual by another young woman named Laula Hester. This was what is known as a single truck car with the wheels attached to the body of the car. The car had one longitudinal seat on each side extending almost from one end to the other; the seat on the west side of the car extended to within about two feet of the rear end, on the end of which there was a brass arm extending up a short distance to prevent people from falling off; that at the time plaintiff boarded the car Miss Hester obtained a seat but there was no other vacant and plaintiff was compelled to stand up and

support herself by holding on to a strap suspended
from overhead. There was a curve in the defendant's
track at Twenty-second and Charlotte streets with
which the plaintiff was familiar. Plaintiff's evidence
tends to show that the car in entering said curve was
going at a rapid rate of speed; that the jar of the
car was so great that it jerked plaintiff's hand from
its hold of the strap and threw her down; that in fall-
ing she struck the brass arm at the end of the seat and
was thereby injured.

Plaintiff testified that she was holding tight to the
strap at the time and steadying herself the best she
could. The evidence of Miss Hester corroborated that
of plaintiff as to the facts stated. There was evidence to
the effect that other persons were thrown down in a
similar manner at said curve. It also appeared that
the other passengers in the car were more or less
thrown about. The plaintiff resumed her journey to
her home and suffered some during the night, but went
to the store the next morning but was unable to con-
tinue work and went to the sick room kept at the store,
but in the evening went home. A doctor was called
who attended her for six weeks. She was severely in-
jured and suffered much pain.

The gist of negligence alleged is as follows:
"Plaintiff states that while she was thus being car-
ried as a passenger as aforesaid, and while the car
upon which she was then being carried as a passenger
was going around or through, or entering into the
aforesaid curve at Twenty-second and Charlotte
streets, plaintiff was thrown with great force and vio-
lence from her position in said car, viz.: A standing
position therein, against the seats and the backs there-
of in said car, and greatly injured as hereinafter set
forth, all on account of the carelessness and negligence
of defendant in this, to-wit: Defendant carelessly and
negligently caused and permitted the aforesaid car to
come into said curve and start around said curve, and

through said curve and on said curve at an unnecessarily high and dangerous rate of speed, and at a negligently high and dangerous rate of speed, thereby throwing plaintiff from her standing position in said car as above set forth.''

Defendant demurred to plaintiff's case, which was overruled. The plaintiff recovered judgment in the sum of one thousand dollars, from which defendant appealed. Appellant claims that plaintiff was not entitled to recover under the evidence, and that: ''The demurrer should have been sustained because there was no evidence of any unusual negligent or dangerous speed of said car in rounding said curve.'' In Hite v. Metropolitan Railway Co., 130 Mo. 132, the facts and holding of the court is stated as follows: ''Plaintiff while a passenger on defendant's cable car was thrown off by a sudden jerk while rounding a curve and sustained injuries therefrom. She knew that the car went at a greater rate of speed when going around the curve and was careful to avoid being thrown off. There was no defect in the construction of the road nor in its appliances and the defendant's employees were not negligent. The evidence also showed that the only practicable way to round the curve was to go at the speed of the rope, that the jerking or jarring of the car was incidental to the operation of the road and that no other method had been discovered to avoid the difficulty. Held, that defendant was not responsible for plaintiff's injuries.'' This and that case in some respects are very much alike, in other respects greatly dissimilar. Plaintiff was aware that sometimes if not habitually the car passed around the curve at a fast rate of speed and that she was in view of that fact careful to avoid being thrown down and injured. Here the similarity of the cases end. This was not a cable, but an electric car and it was not necessary that its speed should be so great as to cause such jerking or jarring as to effect passengers in their

seats and to throw down others who were careful to avoid such danger. It was shown and it is a matter of common observation that the motorman in charge of an electric car can moderate its speed in going over a curve so as not to endanger the passengers.

We cannot sanction the theory of the appellant that if the speed of the car was not unusual of which plaintiff was cognizant there can be no recovery. If the speed was unusual and unavoidable as in the case referred to the rule would prevail; for the reason that the passenger in such a case assumed the risk. But the speed although usual but not unavoidable, and at the same time dangerous to the passenger, he does not assume the risk, and the act is negligence. The theory of the appellant in effect is equivalent to saying habitual want of care is not negligence. Such a course would exonerate the carrier from that high degree of care the law imposed upon it to safely carry its passengers.

The appellant further contends that the plaintiff's instructions enlarged the issues made by the pleadings, but we think not, and the specific acts of negligence pleaded were sustained by the evidence. And we do not believe that the preponderance of the evidence against the verdict was so strong as to raise a presumption of passion or prejudice on the part of the jury. But on the contrary we find that the verdict is sustained by substantial and convincing testimony. Affirmed. All concur.