LATECIA ELLIOTT, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 29, 1911.

1. CARRIERS OF PASSENGERS: Negligence: Sudden Starting of Car. This is a suit for personal injuries caused by the negligent act of defendant railroad company in starting its street car suddenly forward, and throwing plaintiff to the floor as she was passing through the front door preparatory to alighting. *Held*, that this was a dangerous and unusual movement sufficient to support of itself an inference of negligence, and defendant's demurrer to the evidence was properly overruled.

2. ————: Evidence: Witnesses: Impressions of Non-Experts. Where the basic facts are of such a nature that they cannot be reproduced to present to the jury the picture impressed on the mind of the witness, then the impression itself becomes an evidential fact, and may be given to the jury because of the impossibility of bringing to them all facts that combine to create it.

3. ——: **Damages.** Where plaintiff's petition failed to allege damages to her shoulder, had defendant objected to her evidence, relating to that injury, the court would have erred in allowing the jury to include it in the assessment of damages, but where defendant failed to challenge the evidence, it waived the objection. Hence, it was not error to include this injury in the instruction on the measure of damages.

Appeal from the Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

AFFIRMED.

*John H. Lucas* for appellant.

(1)  Carriers of passengers not being insurers of the safety of passengers are not liable for injuries to such passengers unless negligence is shown.  Witters v. Railroad, 132 S. W. 38; Hite v. Railroad, 130 Mo. 132 and cases cited; Pryor v. Railroad, 85 Mo. App. 379; Evers v. Wiggins Ferry Co., 116 Mo. App. 130, 138, and cases cited; Saxton v. Railroad, 98 Mo. 503, and cases cited; Banks v. Railroad, 40 Mo. App. 464; Webb's Pollock on Torts (Enlarged Am. Ed.), pp. 45, 46.  (2)  Plaintiff cannot recover on a cause of action different from that stated in her petition.  Hite v. Railroad, 130 Mo. 132, and cases cited; Aston v. Transit Co., 105 Mo. App. 226, 232; Pryor v. Railroad, 85 Mo. 367, 378; Roscoe v. Railroad, 202 Mo. 588.  (3) Where the evidence is of that character that the trial judge would have a plain duty to perform in setting aside the verdict as unsupported by the evidence, it is his duty to direct a verdict for defendant.  Hite v. Railroad, 130 Mo. 141, and cases cited.  (4)  Statements of witnesses contradictory of general knowledge or opposed to physical facts, or contrary to the operation and effect of natural forces, should not be accepted by any court.  Gurley v. Railroad, 104 Mo. 211, 233; Hunter v. Railroad, 23 N. E. 9; Nugent v. Milling Co., 131 Mo. 241; DeMaet v. Storage Co., 121

Mo. App. 92, 104. (5) General allegations in petition followed by specific ones—specific allegations control, and no evidence can be admitted, or recovery had except for such specific allegations. Grisamore v. Railroad, 118 Mo. App. 387; Chitty v. Railroad, 148 Mo. 64; McCarty v. Rood Hotel Co., 144 Mo. 397, 402; Mueller v. Shoe Co., 109 Mo. App. 506. (6) The rule under point 5 applies to statement of injuries. Van Cleave v. Railroad, 124 Mo. App. 224, 231; Arnold v. Maryville, 110 Mo.. App. 254, 260, and cases cited. (7) It is error to admit evidence of facts not pleaded, or to instruct on issues not made by the pleadings. Davidson v. Transit Co., 211 Mo. 362; McIntosh v. Railroad, 103 Mo. 131; Van Cleave v. Railroad, 124 Mo. App. 224, 231; Fulkerson v. Thornton, 68 Mo. 468; Kenney v. Railroad, 70 Mo. App. 253. (8) An instruction not based on the evidence is erroneous and should not be given. Hahn v. Cotton, 136 Mo. 216, 227; Smith v. City of Sedalia, 152 Mo. 283, 299; Press B. & M. Co. v. Buick & Q. Co., 151 Mo. 501, 511. (9) The court erred in refusing the peremptory instruction in the nature of a demurrer offered by defendant at the close of plaintiff's evidence and renewed at the close of all the evidence.

*E. E. Aleshire* and *S. S. Gundlach* for respondent.

JOHNSON, J.—This is a suit for personal injuries alleged to have been caused by negligence of the defendant, a street railway company. Plaintiff, a woman seventy years old, was a passenger on an electric street car operated by defendant on its Independence avenue line in Kansas City. According to her allegations and proof, the car, which was eastbound, stopped at the corner of Eighth street and Grand avenue to receive and discharge passengers, and a number of passengers, including plaintiff, pro-

ceeded to leave the car. Plaintiff left her seat, walked down the aisle, and had reached the door into the rear vestibule when the car gave a sudden lurch forward, ran two or three feet, and stopped. She was pitched forward, thrown against the controller in the rear of the vestibule and injured.

The petition alleges "that immediately after said car stopped, plaintiff arose from her seat, and while passing west, in and along the aisle of said car, and just before reaching the door that passes into the vestibule, and while plaintiff was in the act of preparing to alight from said car, defendant, through its agents and servants operating said car, after two or three persons had gotten off of said car, carelessly and negligently, and without any warning to plaintiff, and without giving plaintiff a reasonable time in which to alight from said car, suddenly started said car forward with great force and violence, throwing plaintiff on the floor, just as she was passing through the door, and she came in contact with the controller of said car in the vestibule, and was severely injured by said fall," etc.

The injuries plaintiff alleges she received were to her head, arm and nervous system. Her evidence tends to show that she received such injuries and in addition was injured in her shoulder and in the instructions the last mentioned injury was included in those the jury were allowed to consider. A verdict was returned for plaintiff in the sum of $500, and the cause is here on the appeal of defendant from a judgment rendered on the verdict.

In its argument that the demurrer to the evidence should have been sustained defendant contends, first, that there is no substantial evidence that the car suddenly started forward after "it had stopped and passengers were alighting." Credible witnesses, including plaintiff, say that the car had come to a complete stop at the regular stopping place; that suddenly

and without warning it started up, with enough force to pitch plaintiff to the rear of the vestibule and to disturb other departing passengers, and that it stopped again after going two or three feet. This evidence is substantial and is not opposed by physical fact, or law. [Zeiler v. Railway, 134 S. W. Rep. 1067]. Further, defendant contends it does not appear that there was any dangerous or unusual motion of the car and invokes the rule that where the evidence shows a person was thrown and injured by a usual and ordinary movement of the car, such fact, of itself, will not support an inference of negligence. But the movement in question was not usual or ordinary. On cable railroads jerky motions of cars are caused by slack in the cable and are beyond the control of the gripman, but the car under consideration was propelled by electricity and was under the complete control of the motorman. He was at his post and it could not start unless he started it. He had no business to start the car after it stopped at a regular station until the conductor signalled him to go ahead and it was the duty of the conductor not to give such signal while passengers were getting on and off. Any motion of the car produced by the violation of such duty would be negligence if its force is sufficient to jeopardize the safety of alighting passengers. [Nelson v. Railway, 113 Mo. App. 702; Kirby v. Railroad, 146 Mo. App. 310]. The motion in the present case is shown by plaintiff's evidence to be not one of the usual and ordinary motions of the vehicle but an unnecessary motion negligently caused by the motorman.

The demurrer to the evidence was properly overruled.

The following questions were asked a non-expert witness and the answers were, and are, objected to on the ground that the questions call for conclusions of the witness:

"Q. You may state now what her condition was when you first saw her, as to suffering pain, or having any injury about her shoulder, arm or head? A. She was in a very nervous condition and seemed to be suffering quite a bit with her shoulder, and complained of pain in her head, and she showed by her face that she was suffering. . . .

Q. You may state whether or not, Mrs. Elliott, you have observed Mrs. Elliott since her return from Kansas City as to the use of her right arm; as to whether or not she used it as she formerly did? A. No; she has not. I have often seen her have to take her left hand to raise her right arm when she wants to use it, and when I have been there during the daytime, around her work, when she could not raise her arm she would have to take her other arm to raise it.

Q. State whether or not that condition exists at the present time, if you know? A. It does."

We think the evidence calls for statements of fact and not mere conclusions. The rule is recognized that "where the basic facts are of such a nature that they cannot be reproduced to present to the jury the picture impressed on the mind of the witness, then the impression itself becomes an evidential fact and may be given to the jury because of the impossibility of bringing to them all the facts that combine to create it; so, the appearance, pain and activity of one suffering from an alleged injury may be shown to the jury by the opinion of non-experts who were acquainted with the injured party before and after the injury." [Fulton v. Railway, (syl.) 125 Mo. App. 238.] The evidence in question came under that rule and was admissible.

Defendant complains of the inclusion, in the instruction on the measure of damages, of those damages caused by the injury to plaintiff's shoulder, no such damage being alleged in the petition. Plaintiff presents an additional abstract of the record in which

it is stated that at the trial plaintiff, by agreement with defendant, amended the petition by interlineation to plead an injury to her shoulder, but fails to show any order of court allowing such amendment. The statute, section 1863, Revised Statutes 1909, forbids amendments of pleadings except by order of court and we cannot consider the amendment. The statutory rule certainly is more commendable since it would provoke endless disputes and confusion if amendments of pleadings could be made in any other way.

We shall consider only the original petition and, doing so, are compelled to hold that plaintiff did not allege an injury to her shoulder and had defendant objected to her evidence relating to that injury, the court would have erred in allowing the jury to include it in the assessment of damages. But we find defendant failed to challenge the evidence and, regarding the variance as one that could be waived, we hold that defendant did waive it by not calling the attention of the trial court to it in proper time and manner. The objection is most technical and comes to us as an ambuscade first sprung on appeal. We do not regard such points with favor. The rule is quite rigid that holds a plaintiff in a negligence case to a recovery only on the cause of action alleged but the cause is the negligent act (the tort) that produced the injury. The injuries themselves are effects of the cause and though plaintiff is held to his specification of them in his petition, we perceive no good reason why the defendant should not be held to his acquiescence in the enlargement of such specifications in the evidentiary issues tendered by plaintiff and accepted by defendant without objection. Where a defendant is forced into a position by adverse rulings of the court he waives nothing but when he voluntarily accepts an issue he cannot, after defeat, hark back and complain of a condition that would not exist but for his own conduct.

We find no prejudicial error in the record and accordingly the judgment is affirmed.

*Broaddus, P. J.,* concurs; *Ellison, J.,* concurs in the result.