## WILLIAM POPINEAU, Respondent, v. WAVERLY BRICK & COAL CO., Appellant.

### Kansas City Court of Appeals, February 17, 1913.

INSTRUCTIONS: Common Error: Estoppel. Where an instruction for plaintiff in an action for personal injury assumes negligence in the proprietors of a coal mine, and assumes the roof of the mine was not reasonably safe, it is error. But if defendant by its instruction also assumes these things, it cannot complain on appeal.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*Cowherd, Ingraham, Durham & Morse* and *Hale Houts* for appellant.

*Alexander Graves, Chas. Lyons* and *C. R. Ristine* for respondent.

ELLISON, P. J.—Plaintiff was an employee of defendant in one of its coal mines and was injured therein. He charges the injury to defendant's negligence and brought this action for damages. He recovered two thousand dollars.

Plaintiff's injuries were occasioned by portions of the roof over its entryway falling upon him. There

is but a single objection made to the judgment, and that is directed to instruction No. 2 given for plaintiff. It sumits certain hypotheses and directs a verdict if they are found to be facts. The objection made is that it is so worded as to assume the roof was not reasonably safe. That is the ground of the objection, though there are comments which attempt to enlarge it somewhat.

It may be conceded that the instruction has the technical fault stated by defendant, but it is of no avail since defendant by its own instruction confessed the truth of the matter assumed. In its instruction No. 3, it directly adopts the fault in plaintiff's, and thereby cures it. [Riggs v. Met. St. Ry. Co., 216 Mo. 304, 318, 319; Phelps v. City of Salisbury, 161 Mo. 1, 14.] In the first of these cases the plaintiff's instruction assumed it to be the duty of the defendant's servants to look ahead. An instruction for defendant is then quoted and the court said of it: "The duty to look ahead is assumed in that instruction. Its theory was the theory of plaintiff's instructions. Hence if error at all, it was common error. That common error is not reversible error is not to be gainsaid."

In the other case the court, speaking of an instruction, said: "This instruction was therefore unwarranted by both the pleadings and the evidence and, but for the fact that defendant by its fifth and sixth instructions in substance adopted the same theory, the jcdgment would have to be reversed, but a party will not be heard to complain of an error which he invites or adopts." Cases abound stating the same rule.

There is no merit, under the evidence, in the suggestion that the instruction failed to require notice of the defect. Besides, that was fully covered by defendant's instructions, especially No. 6.

Finding no error materially affecting the merits, it becomes our duty to affirm the judgment. All concur.