ELIZABETH JOHNSON, Appellant, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, October 6, 1913.

1. **DAMAGES: Penal and Remedial Statute: Strict Construction.** As section 5425, R. S. 1909, stood prior to the amendment of 1905, the penalty feature inhered in and existed throughout the whole of the sum allowed. It was fixed at $5000, and no more, no less, and if penal at all, was penal throughout, that is, its penalty existed throughout along with its remediality. Hence, under that statute if plaintiff would seek a penalty, he must ask for the precise sum named in the statute, and if his petition asked for a less amount, it did not come within the statute and, therefore, stated no cause of action thereunder. Such statute must be strictly construed.

2. ———: ———: ———: Amendment of 1905. It would seem that if the language of the statute as amended in 1905 is accepted as it reads, then the element of penalty exists throughout the whole of the amount now specified the same as before the amendment. And if such is the construction to be placed on the statute as it now stands, then a petition which does not sue for the whole amount allowed by the statute, states no cause of action. To allow a plaintiff to sue for less than the whole penalty provided would enable plaintiffs to whittle down the state's penalties to suit their convenience thereby making different penalties in different suits for the same character of acts.

3. ———: ———: ———: ———. If, however, the statute, as it now stands, is penal only as to the $2000 minimum and compensatory as to anything in excess of that sum, then a plaintiff can either sue for the penalty alone, or for penalty with compensation. And, construing the case of Boyd v. Railway, 155 S. W. 13 as holding that the statue is penal only as to the $2000, it is held that a plaintiff can sue for the penalty only and therefore a petition asking for $2000, and making no claim for compensation, is not demurrable. Inasmuch as this holding involves the proper construction to be placed on the case of Boyd v. Railroad, supra thereby bringing into the case the question of the constitutionality of the statute as thus construed, this case is certified to the Supreme Court.

Appeal from Jackson Circuit Court.—*Hon. Jas. E. Goodrich*, Judge.

Reversed and remanded. Transferred to Supreme Court.

*J. Harold Olson* for appellant.

*Frank Hagerman, E. E. Ball* and *Clyde Taylor* for respondent.

TRIMBLE, J.—Plaintiff brought this suit under section 5425, Revised Statutes of Missouri 1909, to recover a penalty of $2000 for the death of her husband caused by the alleged negligence of defendant's servants whilst running one of its trains.

174 Mo. App.—2

The husband, while lying drunk upon the railroad track, was run over and killed by defendant's train as it was being backed out of the Union Depot in Kansas City where it had just delivered its passengers. A pilot, who had charge of the train, and who controlled it the same as an engineer, was stationed on the rear end. In substance, the petition claimed that the track where deceased was killed was in a busy part of the city and was used as a pathway by pedestrians at all times of the day and night, which fact was known to defendant, and it was thereby the duty of defendant's servants, and especially the duty of this pilot, to keep a vigilant lookout for persons on the track to avoid injuring them; that the pilot, after he saw deceased on the track could have avoided killing him but negligently failed to do so. The petition closed with the following: "That by reason of the premises plaintiff has been damaged and defendant should be made to forfeit and pay as a penalty the sum of two thousand dollars for which amount, with the costs of this action, she demands judgment."

The answer was a general denial and a plea of contributory negligence, to which a reply was filed, and the trial began. Defendant objected to the introduction of any evidence for the reason that the petition did not state a cause of action. The sole ground of this objection was that the statute on which the suit is based provides a certain penalty, but that penalty is not declared upon nor demanded in the petition, and, therefore, plaintiff has not brought her petition and case within the terms of the statute; in other words, since the petition did not declare upon the penalty provided in the statute, it stated no cause of action. This objection was overruled, and the case proceeded to verdict and judgment in plaintiff's favor for $2000. On motion for a new trial, however, the above point was again raised, and the trial court sustained defendant's contention in regard thereto, and granted a new trial

for the reason that, the suit being on section 5425, it does not lie within the power of the plaintiff to bring suit for a sum or penalty less than that provided by the section, and, therefore, a suit for the sum of two thousand dollars is not maintainable. Plaintiff appealed from the order granting a new trial. And the sole question presented is, can a plaintiff, under the section in question, as it *now* stands, sue for less than the maximum provided by that section? Or, to state it a little more accurately, can the plaintiff under said section limit her demand to $2000, or must she sue for whatever amount may be assessed by the jury in its discretion within the limits provided by the statute, namely, a minimum of $2000 and a maximum of $10,000?

Prior to the amendment of 1905, the amount recoverable for a death coming within the terms of this statute was placed at the fixed and immovable sum of $5000. Plaintiff could then recover neither less nor more. The words of the statute as to the penalty were "shall forfeit and pay for every person or passenger so dying, the sum of five thousand dollars." Under the section as it thus stood, prior to 1905, it was held that, as the amount specified in the statute was absolutely fixed at $5000, no more and no less, a suit could not be maintained which sought to recover less than that sum; that under such a statute, a plaintiff must declare for and seek to recover the precise or full measure of the penalty therein provided. [Casey v. St. Louis Transit Company, 116 Mo. App. 235, 1 .c. 260; same case, 205 Mo. 721, 1. c. 723.] Since those decisions were rendered, however, the statute has been amended (Laws 1905, p. 135). That part of the section fixing the amount recoverable now reads, "shall forfeit and pay as a penalty, for every such person, employee or passenger so dying, the sum of not less than two thousand dollars and not exceeding ten thousand dollars, in the discretion of the jury." The

question now is, has this change in the statute rendered it permissible for the plaintiff to do in this case what she could not have done under the statute as it formerly stood? Unless this amendment has so changed the law that the reasons underlying the above named cases have ceased to exist, then said cases require with absolute certainty that the judgment of the lower court be affirmed. Have these reasons ceased to exist by virtue of the amendment? To answer this question we must first examine these reasons and then see whether or not the amendment has obviated or destroyed them.

As the Supreme Court adopted the opinion of the St. Louis Court of Appeals in the Casey case, the reasons underlying both of the above named decisions are to be found in an examination of that opinion.

The fundamental reason appearing therein why the plaintiff could not sue for less than the *fixed and precise* sum named by the statute was that the statute gave said sum as a penalty; and as the statute was thus penal, it must be strictly construed and "the suing party must bring himself strictly within its provisions and, among other things, *demand and recover the precise amount of the penal sum therein provided.*" [Casey v. Transit Co., supra, l. c. 252.]

Now, it must be borne in mind that, as the statute then stood, this penal feature *inhered in and existed throughout the whole of the* $5000 *allowed.* It necessarily must have done so since the amount was fixed at that precise sum, no more and no less, and if penal at all was penal throughout. It is true the statute was held to be both remedial and penal, but its remediality, if any, and *its penality existed in and pervaded the whole sum named,* thus making the whole sum a penalty. In other words, as the amount named by the statute was one fixed and certain sum there was no room for saying that a part of it would be considered penal and the remainder remedial. Both the pe-

nal and remedial features inhered in the amount throughout. Consequently whatever sum a plaintiff might seek to recover would have in it this penal feature. And if a plaintiff would seek to recover a penalty provided by the statute, he must ask for that penalty and no other. As said in Casey v. Transit Co., 116 Mo. App. 252, l. c. 254, speaking of the rule of strict construction, as applied to the penal and not the remedial feature of the statute, "it is manifest from the use of the word 'forfeiture' by the Legislature together with the consideration that no evidence is to be heard and no day in court to be had on the amount of plaintiff's damage and the measure of their recovery, that the amount named in the statute should be a penalty inflicted as a punishment upon the person guilty of the wrongs therein sought to be prevented. Applying then the rule of strict construction to the penal feature of the statute, the conclusion is that the penal sum therein fixed at $5000 means $5000. It does not mean $4500 no (any) more than it means $450 or forty-five dollars. Indeed it seems that the Legislature intended that the perpetrator of the mischief sought to be prevented should pay the full penalty levied and did not intend that the private citizen might fritter away that penalty provided by virtue of the police power of the State for the purpose of preventing wrongs, so that conditions might arise where one offender would pay $5000 and another be permitted to pay $4500 and another a much less sum as might suit the convenience of the party putting the statute into operation by his suit." All of which means that *as the whole of the* $5000 *is penal,* that is, the penalty inheres in all of it, as shown by the language of the statute and the fact that *no evidence is admissible on either side as to the amount of damages,* then a plaintiff must seek to recover the penalty provided, and will not be allowed to *whittle down* the State's penalties to suit his or her convenience, thereby making

different penalties in different suits for the same character of acts.

But in the statute, as now amended, *does the penal feature inhere throughout the entire sum* from the minimum limit of $2000 to the maximum limit of $10,000? In answer to this question whether or not the entire amount from one limit to the other is penalty, or has in it the elements of penalty, it would seem that, if the language of the statute is accepted as it reads, then the element of penalty extends throughout the whole of the amount specified by those limits. It says, "shall *forfeit* and pay as a *penalty* the sum of not less than two thousand dollars, and not exceeding ten thousand dollars, in the discretion of the jury." The word "forfeit" implies a penalty and the words "as a penalty" expressly say it is such. So that on the mere face of the statute it would seem that the entire amount allowable was intended as· a penalty. And in Young v. Railroad, 227 Mo. 307, the Supreme Court held that the whole amount allowed by the statute between the two limits was *penal* in character; and in Boyd v. Railroad, 236 Mo. 54, the holding is that it is both penal and remedial or compensatory, that is, that the penal feature exists along with the compensatory feature throughout the range fixed by the statute between the two limits. But in Boyd v. Railroad, decided March 28, 1913, and reported in 249 Mo. 110, 155 S. W. 13, l. c. 17, the Supreme Court expressly overrules the Young case in so far as it holds that the statute is penal throughout, and also expressly overrules the former decision in the Boyd case in the 236 Mo. 54, in so far as it holds that there is anything penal existing in the range permitted above $2000. And, in lieu of the doctrine announced by either the Young or the first Boyd case on this point, the Supreme Court announced the rule that said section, as it now stands, *is penal so far as it fixes the amount of recovery at not less than* $2000, but is remedial and

compensatory *as to any recovery in excess of that amount*. Of course this decision, in holding that the statute, by fixing the minimum at $2000, is *purely* penal, does not say, in express terms, that the *excess* is *purely* compensatory; in other words it does not expressly say that the penal feature does not extend above the $2000 and inhere therein throughout the range given along with the compensatory feature. But evidently that is the holding, else why expressly overrule the Boyd decision in 236 Mo. 54, which held that the whole range was both penal and compensatory?

It is also apparent that, in this last Boyd case, there is a distinction between a case in which only the penalty is demanded and one in which both penalty and compensation are sought. On page 16 of the 155 S. W. Reporter the court say:

"Upon a full consideration of this case in Banc, we are convinced that it was the intention of the General Assembly by the amendment of 1905 to leave the provisions of section 5425, supra, penal in their nature, so far as said section fixes the amount of recovery at not less than $2000, *but where a plaintiff*, as in this case, *seeks to recover* under said section *a larger sum than* $2000, the jury or court in preparing itself to exercise a wise and just discretion should receive evidence of the age, condition of health, and earning capacity of the party killed, and the consequent loss to the plaintiff thereby, together with the facts and circumstances attending the killing, for which damages are sought to be recovered. In other words, a recovery under section 5425, Revised Statutes 1909, is penal up to the sum of $2000, but the extent to which a plaintiff may recover, *if at all*, in excess of $2000 under that section, is remedial and compensatory." That is to say, if a plaintiff sues for penalty *only*, no evidence as to age, health and capacity of the deceased is admissible, since it could not help in any way, as the penalty must be applied regardless of these con-

siderations, if the jury believe the deceased's death was within the terms of the statute; but, if the plaintiff "seeks to recover a *larger* sum than $2000" such evidence is admissible and should be given. Evidently, therefore, there is a distinction between a suit for the *bare* penalty and one for the penalty with compensation.. Because if every plaintiff suing under the statute must demand the maximum amount in the petition, what is the necessity of saying that the statute is penal as to the $2000? But where a plaintiff "seeks to recover a *larger* sum than $2000," evidence as to the *loss* plaintiff has sustained must be given. If all petitions must demand the full amount there was no necessity for using such language, but the court could merely have said that in all such suits evidence showing plaintiff's *damage* was admissible. It would seem, therefore, that the last Boyd case holds that the statute is penal only as to the $2000 and compensatory as to anything in excess of that sum. If so, then the State has given to plaintiffs in such cases, not merely *one* right, but one of *two* rights, namely, the right to sue either for the penalty *alone* or for both penalty *and* compensation. And if this is true, who is to say to plaintiff, "You cannot sue merely for the penalty but must sue for both penalty and compensation?" Grant it that a plaintiff is not allowed to vary or change the penalty prescribed by the State for the commission of a certain act. To sue for the $2000, under the statute as it now stands, is not to *vary* the penalty; it is to demand the precise sum fixed as penalty. The only thing plaintiff has varied, or rather given up, in her right to demand compensation. It is not certain that she has given up any compensation since the question whether she is entitled thereto or not depends on whether she has suffered damage. But whether she has given up her right to be compensated or not, is not a matter of State concern. The matter of compensation is her's to give up or sue for as she chooses. She may give it up,

either by not asking for compensation in her petition, or, if she has demanded it therein, by not offering any evidence showing that she is entitled to compensation. As the penalty is the lowest amount provided, it is no injustice to the defendant to permit plaintiff to forego the element of compensation *either* in her *petition* or in her *evidence*. If she is to be compelld to ask for it in the one, why should she not be refused entirely if she does not seek it in the other? It does not lie in defendant's mouth to complain because it is not called upon to pay a larger sum.

It is argued that if the statute is thus construed so as to permit a plaintiff to sue for less than the maximum, then we are placing on it a construction which will render it unconstitutional. With its constitutionality, of course, we have nothing to do. However, this claim that such a construction will render the statute unconstitutional is based on the view that the statute is penal, not only as to the $2000, but also as to *everything in excess of* $2000, and that to allow a plaintiff to sue for any amount less than $10,000, is unconstitutional in that it is permitting *her* to fix the penalty; that, in such case ,the penalty is fixed, not by the legislative power, but by the plaintiff in each particular case. [Citing Cigar Makers, etc. v. Goldberg, 61 Atl. 457.] Since the Supreme Court in the last Boyd case, supra, has said that the statute is penal as to the $2000 but is compensatory as to the excess, there is no basis upon which to rest the claim, that such construction would make the statute unconstitutional. But whether it is or is not thus rendered unconstitutional is a question for the Supreme Court to pass upon whenever its constitutionality is attacked. If the $2000 is all penalty, and all over that is merely compensation, then the legislative power has fixed the penalty at $2000, and plaintiff, by suing for $2000, is not fixing the penalty but is demanding what has already been fixed by the Legislature. The view that the stat-

ute is penal throughout the whole range between the two limits fixed therein, as announced in the Young case, supra, and the view that it is both penal and compensatory as to anything in excess of $2000 announced in the first Boyd case, has been repudiated by the Supreme Court in the last Boyd case, since, in it, the two above named cases are expressly overruled.

It is urged that the penalty is to be fixed "in the discretion of the jury" and that to allow plaintiff to sue for $2000 is to take away that discretion. This again assumes that the excess over $2000 is penal in its nature. But if it is not and only the $2000 is penal, then as to the *penalty* the jury has no discretion. If it believes that plaintiff was killed within the terms .of the statute then the penalty is fixed, and its discretion operates *only upon the compensatory part of the recovery.* Even though a plaintiff bring a suit asking for the maximum amount, yet, if no evidence is offered upon which the jury can exercise its discretion as to compensation, the amount allowed cannot exceed $2000, because, in that event there is nothing upon which a verdict for a greater amount can be based. "The discretion of the jury" has nothing upon which to operate. But as to the $2000, if the killing was within the terms of the statute, *there is no discretion,* the penalty must be given. If, now, a plaintiff, by a mere failure to offer evidence on the compensatory feature, can take from the jury the discretion to award a larger amount than $2000, what is there to prevent such plaintiff from drawing her petition and bringing her suit in such way as to limit her recovery to the penalty purely and thereby limit the jury to the precise sum of $2000? In either case the jury is limited as to the amount of its verdict. And in both, if the jury believes the testimony tending to show that the death occurred under such circumstances as the statute requires, *there is no discretion to be exercised* but the jury must impose the pure penalty fixed by the stat-

ute, namely $2000. So that after all, the question comes down again to whether the last Boyd case means that, as to the $2000, the statute is penal, but *not as to any amount in excess of that sum.* From the language used, as well as from the fact that it expressly overrules both the Young and the former Boyd case (both of which held that it was penal as to such excess), we accept it as holding that it is penal only as to the $2000 and not as to any amount above that sum. If this is the correct view, then plaintiff has a right to sue for the penalty only, and to forego her right to compensation, if she was entitled to any compensation.

It is urged that plaintiff brought this suit for $2000 only in order to keep out of the Federal courts. But if, under the statute, only the $2000 is penalty, then she has a right to sue for that alone. And if she has a right to sue for it alone, her reasons for not also suing for compensation cannot be inquired into nor impugned. So far as that is concerned, as the penalty sued for is the *lowest* amount recoverable under the statute, she could in turn charge defendant with insisting that it be sued for the larger amount *solely* in order that the case could be taken to the Federal Court. In either case it is not a question of the motives of litigants, but of their rights under the law. The same is to be said in response to the objection that such a construction will enable a plaintiff to work a fraud upon the jurisdiction of the courts. There can be no fraud worked upon the jurisdiction of the courts by bringing a suit solely for the penalty, if there is a clear line of demarcation between the penal and compensatory features of the statute. As the holding of the last decision in the Boyd case by the Supreme Court is that the statute in question is penal only as to the $2000 and compensatory as to anything in excess of that amount, the logical result of such holding is that plaintiff can sue for the penalty prescribed without asking for compensation. The case should,

therefore, be reversed and remanded with directions to set aside the order granting a new trial and to enter judgment for plaintiff on the verdict. But, inasmuch as this holding involves the proper construction to be placed on the last decision in Boyd v. Railroad, and thereby there is brought into this case the question of the constitutionality of the statute, as hereinbefore stated, the case should be transferred to the Supreme Court. We have deemed it advisable, however, before doing so, to write this opinion expressing our views, so that our reasons for transferring it may be known and understood. Case transferred. All concur.