FLORENCE ZWICK, Respondent, v. E. F. SWIN-
NEY et al., Appellants.

Kansas City Court of Appeals, February 16, 1914.

1. **NEGLIGENCE: Street Railways: Passenger: Crowded Car:
   Running Board.** If a street railway company so crowds its
   cars as to compel passengers, which it receives for carriage,
   to stand on the outside on a "running board," it must keep
   its track in such even and smooth condition, or run the car
   in such careful manner as that it will not suddenly "lurch" or
   "dip" so as to throw the passenger to the street. Evidence
   discussed and shown to make a case for the plaintiff.

2. **INSTRUCTIONS: Common Error.** If points in instructions re-
   fused have already been given for the same party, then refusal
   is not error. So, if a party has committed in his instructions
   the same error he points out in his opponents, he should not
   complain.

Appeal from Pettis Circuit Court.—*Hon. H. B.
Shain,* Judge.

AFFIRMED.

*George F. Longan* for appellants.

*E. C. Whitsett, Bird & Pope* and *Hall, Robertson
& O'Bannon* for respondent.

ELLISON, P. J.—Defendants are receivers of a
street railway company in Sedalia and plaintiff a
young woman residing in such city was injured by
being thrown from one of their cars. She brought
this action and recovered judgment in the circuit court.

The charges of negligence are such insufficient
supply of cars as compelled plaintiff, on account of
crowded condition, to ride in a standing position on a
"running board" along side of the car, instead of
inside seated in a seat; and in running the car at high

speed over a rough and uneven track, so that the car suddenly lurched and swayed so as to throw her off.

If the evidence in plaintiff's behalf, including that given by herself, is to be believed it leaves no doubt that she made proof of her case. It was shown that the day of the injury was Sunday and that plaintiff had been to Sunday school and was returning therefrom when she was hurt. It was shown (or may be reasonably inferred) that at that time of day the travel was known to be heavier and that unless more cars were run there would not be room to accommodate defendant's patrons on the inside of its cars but they would be compelled to stand on the running board holding on to the car. There was likewise evidence tending to prove that the car plaintiff got upon was so crowded she could not get a seat, and with the knowledge of defendant's servants, was compelled to stand on the running board. It was made to appear further by direct testimony and by circumstances that the track was not in such condition as would keep a running car (this was going at full speed) from swaying or lurching in such way as to make it dangerous for those passengers who were not seated inside. The condition of the track was shown by several witnesses to be such that a car passing the place of this injury would give a sudden "lurch" or "dip" or "jerk pretty quick". These witnesses observed other cars passing this point. Then others observed the track itself. We have no doubt of the sufficiency of the evidence. As to that part of defendant's objections which would seem to assert the necessity of proving all the acts of negligence alleged, we need only say that is not the rule. If some one of several acts charged are proven and it makes the carrier culpable, the case is made. [Dutro v. Ry. Co., 111 Mo. App. 264.] Besides defendant's instructions given are drawn on the theory that all need not be proved and that shuts out complaint from it. [Riggs v. Ry. Co., 216 Mo. 304;

.Graves v. Chapman, 248 Mo. 83; Popineau v. Brick Co., 168 Mo. App. 547.]

The critisicm of plaintiff's instruction is not well made. We think there was evidence tending to support each fact hypothesised. In this connection defendant's suggestion omits all consideration of inferences which may be properly drawn from facts. To prove that a car in running over a track gives a sudden "lurch" or "dip" is to raise an inference that the track at that point is defective, and that the car should have been so slowly and carefully run as not to give such sudden and dangerous motion, especially when those running the car have accepted passengers who could only be accommodated to standing room on a board outside.

Defendant offered and the court refused instructions 8, 9, and 10. They were to the effect that although plaintiff may, at first, have been unable to get a seat, inside the car, yet if by the alighting of passengers, room was made inside, whereby she might have gone in with safety and seated herself, her refusal to do so was such conduct as should be taken into consideration by the jury in passing on the question whether she was guilty of contributory negligence. But while the court refused these, it had already given others at defendant's request which covered substantially what was here, in effect, repeated. We have not overlooked a distinction defendant attempts to draw between those given especially number 3, and those refused, especially number 8, but we do not see any substantial difference.

On the whole record we are not authorized to interfere and the judgment is affirmed. All concur.