J. A. COOLEY, Admr., Respondent, v. ROBERT J. DUNHAM et al, Receivers of MET. ST. RY. CO., Appellants.

Kansas City Court of Appeals, June 11, 1917.

1. NEGLIGENCE: Damages: Carrier and Passenger: Crowded Street Car. A carrier of passengers operating a car, so densely and greatly over-crowded that some were compelled to stand on the steps and hold to the handrails, must see that the car is managed with the highest degree of care which these circumstances called for. A car, thus loaded and with passengers on the steps, was proceeding moderately along the street when it suddenly gave an unusual and violent jerk which threw a passenger off and killed him. *Held*, that such unusual and violent jerk occurring under those circumstances was prima facie unnecessary and negligent.

2. ———: ———: Death Statute: Suit by Administrator: Pleading: Petition: Evidence: Demurrer. In a suit by an administrator for the benefit of the heirs of an unmarried adult under the fourth clause of section 5425, R. S. 1909, a demurrer to the evidence cannot be sustained on the ground that the petition states no cause of action in that there was no allegation to show that the beneficiaries —a father, mother and sister—had suffered a pecuniary loss by the death of the deceased. While the petition contained no such allegation, yet it stated a cause of action as to the penal part of the statute and authorized a recovery of $2000 allowed therefor. But the demurrer asserted that no cause of action whatever was alleged, hence the court would have erred in sustaining it.

3. ———: ———: ———: ———: ———: ———: Pecuniary Loss. Where the suit under the death statute is by a husband, wife, or minor child, or by parents for the death of a minor, the law will perhaps imply pecuniary loss arising from that relation; but where the death is that of an adult, upon whom the law imposes no duty of a pecuniary nature toward the persons for whom the suit is brought, facts should be pleaded showing that a pecuniary loss has been sustained, otherwise a case for damages on account of pecuniary loss is not stated.

4. ———: ———: ———: ———: ———: ———: ———. In a suit by an administrator under the fourth clause of the death statute, if the petition does not plead facts showing that the beneficiaries for whom the suit is brought have suffered a pecuniary loss, no recovery can be had for anything more than the penalty allowed by the statute.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED (*conditionally*).

*Clyde Taylor, Charles A. Stratton* and *C. C. Crow* for appellant.

*Gage, Ladd & Small* for respondent.

TRIMBLE, J.—On the morning of August 26, 1912, Orion G. Thompson, while riding as a passenger on a car of the street railway then in the hands of the defendant Receivers, was thrown to the pavement and killed. He was twenty-three years of age, without wife or child, either natural born or adopted, and left surviving him, as his only heirs at law, a father, mother and sister. An administrator was duly appointed, and on December 23, 1912, this action was brought under section 5425, Revised Statutes 1909, to recover the damages therein provided for a death caused by the negligent operation of a car. While the suit was pending the administrator died and the present plaintiff was duly appointed administrator *de bonis non* and the suit was properly revived. Upon a trial of the case, plaintiff, on February 29, 1916, recovered a verdict and judgment for $4833.33, and the defendants have brought the case here on appeal.

The case, as presented by the petition, is that the car was very greatly crowded with passengers, so much so that Thompson was compelled to stand upon the step of the rear platform thereof with the knowledge, consent and approval of the conductor who was himself standing on the rear platform and who with the motorman was in control of the movements of the car; that Thompson, while so standing on said rear step was holding to the iron standard or railing of said car; that while the car, thus crowded and with Thompson thus on the rear step, was moving westward along Eighteenth street at a moderate rate of speed, the motorman negligently started it forward with a sudden and violent jerk which loosened Thompson's hold and threw him violently from his position on the step to the pavement, causing his death. The petition duly alleged the appointment and qualification of the Receivers, and that they were in charge of the street railway at the time, and further alleged the appointment and qualification of said administrators. It also alleged the age of Thompson, that he left no wife nor child, natural born or adopted, but that he did leave surviving him a father, mother and a sister as his heirs at law.

The answer, aside from an admission as to the Receivers being in charge, was a general denial.

At the close of all the evidence in the case, defendants offered a demurrer thereto which was overruled. It is urged that the court committed reversible error in so doing. This contention is based upon three grounds: 1. That the petition does not state facts sufficient to constitute a cause of action; 2. That plaintiff failed to prove negligence entitling him to a recovery; 3. That there was no proof of the specific negligence alleged, to-wit, that the motorman negligently started the car forward with a sudden and violent jerk.

The claim that the petition states no cause of action grows out of the fact that there is no allegation in it to show that the persons mentioned in the petition, for whom the administrator sues under the fourth subdi-

vision of the statute, have suffered a pecuniary loss, that is, have been *damaged,* by the death of the deceased. The point may be more clearly stated thus: Since the Supreme Court has construed section 5425 as being *penal* to the extent of the minimum sum of $2000 and as *compensatory* for all above that amount, and since the suit is for all that the statute allows, therefore, unless the petition states facts showing that the beneficiaries under the fourth clause of the statute have suffered a *pecuniary* loss, it has not stated a cause of action for damages of a *compensatory* nature. Without going, at this point, into the question of whether the petition should have alleged facts showing that the beneficiaries, for whom the administrator sued, suffered pecuniary loss, i. e. were *damaged,* in order to entitle a recovery for more than the penalty allowed by the statute, we are of the opinion that such omission in the petition did not entitle defendants to have their demurrer to the evidence sustained. The petition did not, on that account, fail to state a cause of action as to the penal part of the statute. The statute certainly allows $2000 as a penalty regardless of whether the persons for whose benefit the suit is brought have suffered pecuniary loss or not. Hence the petition did state a cause of action as to the penalty provided. But the demurrer to the evidence asserted that plaintiff was not entitled to recover anything, and if the court had sustained it, that would have upheld such assertion. Manifestly this would have been erroneous. The demurrer to the evidence was, therefore, properly overruled, so far as the ground for it now under consideration is concerned. Nor can the defendants now be heard to say that the petition states no cause of action. The case presented is not one where the petition, if defective in the particular stated, wholly fails to state any case whatever.

Neither do we think plaintiff failed to prove negligence entitling him to a recovery. The evidence in plaintiff's favor tends to show that the car was very heavily crowded with passengers. The car was full,

the front vestibule where the motorman stood was full, the rear platform was crowded and one passenger was on the bumper back of the car. The entrance to the rear platform was on the north or right hand side of the car. One step led from the ground to the rear platform which was without any doors, so that one who boarded the car would mount this step and from there go to the platform without having to open a door. There were three passengers standing on the step and riding in that position for at least four blocks before the accident. One of these was Thompson who was holding to the iron bar or guard. He was there when the third man got on the step. The conductor was on the rear platform during all this time and knew of the position of deceased and the others on the step. The evidence tends to show that the men on the step could not get up into the car on account of the crowd. The car proceeded at a very slow gait and then it suddenly gave a violent jerk which loosened Thompson's hold on the rail and threw him off, he striking the pavement upon the back of his head, which resulted in his death. There was evidence showing the sudden and violent jerk. The nature of the jerk and its effects, and whether such a jerk was negligence, were questions for the jury. The motorman and the conductor both knew the car was very densely crowded. The conductor knew he had passengers standing on the steps and holding on with their hands. If he chose to allow them to ride in that position it was his duty to see that the car was managed with the highest degree of care which the circumstances called for. If the motorman did not know passengers were on the steps, the conductor should have told him. There is no evidence that he did not know it however. What the conductor knew the motorman should have known under these circumstances. The motorman did not testify nor was any explanation given of the unusual and violent jerk. Such a jerk, suddenly occurring when the car was proceeding moderately, was prima facie unnecessary, and to cause it under the circumstances of this case was negligent. [Modrell v.

Dunham, 187 S. W. 561, 563; Hecke v. Dunham, 192 S. W. 120; Elliott v. Metropolitan St. Ry., 157 Mo. App. 517; Witters v. Metropolitan St. Ry., 151 Mo. App. 488; Baughman v. Metropolitan St. Ry., 177 S. W. 800.] This also answers the third ground of appellants' demurrer to the evidence, namely, that there was no evidence that the motorman was negligent or that he negligently started the car forward with a sudden and violent jerk.

A reading of plaintiff's instruction No. 1 discloses that it does not assume that Thompson was on the step of the car. It required the jury to find whether he was thrown from the step. Manifestly he could not have been thrown from the step if he was not on it. Appellants' instruction No. 1 told the jury that before they could find for plaintiff they must find that deceased was standing upon the back step of the car. So that the jury could not fail to know that it was left for them to say whether he was standing on the step or not. There was very slight evidence, if any, that he was standing anywhere else. The conductor, the only witness who did not say deceased was standing on the step, merely said he "believed" deceased was in the vestibule and that he didn't "think" he was on the step. If this makes a conflict in the evidence as to where he was standing, then that was a contested issue. However, even if there is evidence only on plaintiff's side as to a *necessary* fact in the case, an instruction for plaintiff must not assume the existence of such necessary fact, but plaintiff's instruction did not violate the rule in this regard.

Neither does plaintiff's instruction No. 1 assume that the motorman caused the car to jerk. It expressly left that issue to the jury in as plain terms as words could put it. In fact all of the matters upon which plaintiff's case was predicted were left for the jury to decide. [Elliott v. Kansas City, 198 Mo. 593, 615-6.]

The conductor admitted that the car had a "big load," a "very heavy load," that the rear platform was full of passengers, that there were passengers

standing on the step the number of which he did not know. He also admitted that he himself was on the rear platform, that he talked to deceased before the accident, and after the fall recognized him as the one to whom he had talked. True, the conductor says he *thought* deceased was on the platform and not on the step, but if, as plaintiff contends and the jury has found, deceased was on the step the conductor knew that also. However, it was not necessary that the conductor should have knowledge that deceased was the *particular person* standing on the step. The knowledge necessary to create negligence in this case was the knowledge that passengers were riding there. This knowledge called for the duty of operating the car with the care required in that situation. Hence the knowledge of the conductor was not a controverted issue in the case, and plaintiff's instruction No. 1 was not faulty in failing to submit that issue.

Said instruction does not assume that Thompson was in the exercise of ordinary care. The clear meaning of the instruction is that the jury were to find whether deceased was exercising care when injured. [Harrod v. Hammond Packing Co., 125 Mo. App. 357, 363.]

Said instruction correctly defined the degree of care required in the operation of the car. It told the jury that "the defendants were bound to run and operate their car with the highest practicable degree of care of a very prudent person engaged in like business, in view of all the facts and circumstances, as shown in the evidence" and "to such practicable degree of care of a very prudent person as would be commensurate with the danger, if any, to which you may believe from the evidence any of the passengers on said car were exposed at that time." The fact that the car was so loaded with passengers that some of them, including Thompson, were on the step where they were more than ordinarily exposed to danger from sudden and violent jerks, imposed a degree of care commensurate with that degree of danger. Hence the subsequent clause in

the instruction saying that if the jury believed from the evidence that in starting the car with a sudden or violent jerk the defendants ''were guilty even of slight negligence in the management and operation of said car'' etc., was not erroneous. It has been approved in other cases. [Stauffer v. Metropolitan St. Ry. Co.; 243 Mo. 305, 327, 332; Zwick v. Swinney, 178 Mo. App. 142; Richardson v. Metropolitan St. Ry. Co., 166 Mo. App. 162; Brod v. St. Louis Transit Co., 115 Mo. App. 202, 209.]

The instruction was not rendered too broad by the phrase ''any of the passengers.'' This phrase was used in explaining in general terms the duty and degree of care the defendants owed to their passengers. The instruction then went on to predicate the facts which the jury should find *as to Thompson* before they could find for plaintiff. Those facts were such as, if true, required the operatives of the car to exercise the degree of care above specified *toward him.* The instruction did not seek to recover for any negligence shown to other passengers. Nor did the evidence show that any other passenger was injured.

In instruction No. 3 the court instructed the jury that if they found for plaintiff the verdict should be for not less than $2000 nor more than $10,000, and that in determining the amount, if any, above $2000 ''you may take into consideration the pecuniary loss, if any, occasioned to the father, mother and sister of the deceased, by the death of the deceased'' etc. This instruction was objected to and exceptions saved. The defendants asked an instruction to the effect that even if the jury found for plaintiff the verdict should not exceed $2000. The defendant also asked two other instructions, one that there was no evidence of pecuniary loss to the father, and the other that there was none of such loss to the sister. These were all refused and defendants excepted. Passing the questions whether there was any evidence of pecuniary loss to the sister or to the father and the effect thereof upon the case if there were none, we go to the questions of whether

plaintiff was entitled to include pecuniary loss in his instruction No. 3, and whether defendants' instruction limiting recovery to $2000 should have been given. The basis for these two questions is the fact that the petition contained no allegation that the relatives and heirs had sustained any pecuniary loss. Nor did it allege any facts from which a *pecuniary* loss could be inferred. Indeed, it did not allege, even as a conclusion of law, that the said relatives and heirs were damaged. It merely stated that Thompson, twenty-three years old and without wife or child, was killed under the circumstances above outlined and that he left the above named heirs, wherefore "plaintiff prays judgment against the said defendants for the sum of ten thousand dollars." No inference could be drawn from these facts that said heirs were entitled to *compensatory* damages by reason of any pecuniary loss they had suffered. And it is only by reason of such a loss that they could receive *compensation*. It would seem that logically and on general principles, where the suit is by an administrator under the 4th clause of the statute, unless the petition presents a case of pecuniary loss, damages on account of *such* loss should not be awarded. Where the suit is by a husband, wife, or minor child, or by parents for the death of a minor, the law will perhaps imply pecuniary loss arising from that relation; but where the death is that of an adult, upon whom the law imposes no duty of a pecuniary nature toward those persons for whom the suit is brought, it would seem that facts should be pleaded showing that by reason of such facts, a pecuniary loss has been sustained, otherwise a case for damages *on account of pecuniary loss* is not stated. [Smith v. Pryor, 190 S. W. 69, 71.] It may be that this particular question as applied to section 5425 has not been specifically and expressly decided. The Supreme Court has held that the section is penal as to the minimum sum allowed, but is compensatory as to all above that amount. [Boyd v. Missouri Pacific Ry. Co., 249 Mo. 110, 126; Johnson v. Chicago etc. R. Co., 193 S. W. 827, (approving Johnson

v. Railroad. 174 Mo. App. 16).] It should be observed that in the case at bar it is not material whether the statute is held to be *purely* compensatory above $2000, since the question here is as to whether plaintiff is, *under his pleading,* entitled to an instruction authorizing the jury to consider the pecuniary loss decedent's heirs have sustained. In Johnson v. Dixie Mining etc. Co., 171 Mo. App. 134, 139, the petition was successfully demurred to in the trial court because "the administrator failed to allege the name or names of the beneficiaries for whom he sued and for a failure to allege *a state of facts* from which the measure of damages in an action brought under these sections *could be ascertained.*" [Italics ours.] The Springfield Court of Appeals upheld the demurrer, but, on a dissent, the case was certified to the Supreme Court. Before the case reached that court, the St. Louis Court of Appeals in Troll v. Laclede Gas Light Co., 182 Mo. App. 600, 604, held that in a suit by an administrator under sections 5426, and 5427, one seeking to maintain an action thereunder must both allege and prove such facts as will bring him strictly within the statutory provisions. In that case the petition failed to name the persons for whom the administrator sued. In Kirk v. Wabash Ry. Co., 265 Mo. 341, a suit by an administrator under the 4th clause of section 5425, the Supreme Court held that since there was neither allegation nor evidence that deceased was survived by any one competent to take under him by the law of descents, no case was made. When the case of Johnson v. Mining Co., certified from the Springfield court, reached the Supreme Court, that tribunal held (187 S. W. 1), that the real question involved was whether the administrator sued for the benefit of decedent's *estate* or for the benefit of beneficiaries other than the estate. The court construed the Springfield court decision as holding that the administrator does not sue for the benefit of the estate but for the surviving beneficiaries and that the petition should name them and plead such facts as may be necessary to show the damages suffered. The court then

cited with approval the other decisions hereinabove mentioned and held that in the Kirk case they had decided the question in dispute involved in and causing the certication. Now, as intimated above, it may be that the Supreme Court's decisions are strictly limited to the question of the necessity of an administrator's petition showing that there are persons in existence who are entitled to the benefits of the statute. But, as. stated above, it would seem that if all above $2000 in the statute is in the nature of *compensatory* damages, then, in order for an administrator to recover *compensation* for the beneficiaries, he should allege facts showing that they have suffered a pecuniary loss for which they should be compensated. In this case no such facts were alleged, nor were any facts alleged from which a right to compensation could be inferred or implied. The only right accruing under the allegations of the petition was the right to recover by way of a penalty. Even if it be conceded that the jury could award, as a penalty, more than the $2000 on account of the aggravated circumstances of the killing, still, since plaintiff was given an instruction allowing damages for pecuniary loss, there is no way of telling how much above the $2000 was for pecuniary loss. Indeed, the inference is that all of it above the $2000 was for such loss and not on account of any aggravated circumstances, since there are no circumstances of that character shown to have been connected with the negligent act of making the car jerk. Therefore, the error in giving plaintiff's instruction on the measure of damages, and in refusing defendants on that subject, can be cured only by a remittitur of all above $2000 or by remanding the case for a new trial. The usual order in such cases will leave it for plaintiff to decide which he will do. If plaintiff will, within ten days from the announcement of this opinion, enter a remittitur sufficient to leave the judgment at $2000 and interest thereon, the judgment will be affirmed, otherwise it will stand reversed and the cause remanded for a new trial. It is so ordered. The other judges concur.