CIGARMAKERS' INTERNATIONAL UNION OF AMERICA, DEFENDANT IN ERROR, v. WILLIAM H. GOLDBERG, PLAINTIFF IN ERROR.

Submitted March 27, 1905—Decided June 19, 1905.

1. The tenth section of the act respecting labels, trade marks, &c., passed March 15th, 1898 (*Pamph. L., p.* 83), is unconstitutional, in that it purports to empower the party injured by a violation of the statute to fix, within the limits prescribed, the amount of the penalty which, in addition to full compensation for the injury suffered, shall be exacted from the offender for the use and benefit of the injured party ; such a proceeding would deprive the offender of his property without due process of law.

2. "Due process of law," with respect to the imposition of legal penalties, requires that the legislative body should prescribe the amount of the penalty or some definite standard for fixing the amount, or else that the amount should be determined in a judicial proceeding instituted against the offender.

On error to the Supreme Court, whose decision is reported in 41 *Vroom* 488.

For the plaintiff in error, *Henry Hahn.*

For the defendant in error, *Joseph A. Beecher.*

The opinion of the court was delivered by

Dixon, J.  By an act passed March 15th, 1898 (*Pamph. L., p.* 83), it is made lawful for any organization of persons to register in the office of the secretary of state a label to designate the wares upon which the work of any of its members has been expended, and it is made unlawful for any person other than the members to use such label or any counterfeit or imitation of the same.  The act further provides (section 9) that if unlawful use of the label be made the organization may, in the Court of Chancery, have such use enjoined and recover all damages resulting therefrom, together with all costs and expenses incurred by the com-

plainant in such proceeding; and (section 10) may, in addition, in an action of debt brought in any court of law having civil jurisdiction, recover from the person offending a penalty of not less than $200, nor more than $500, for the use and benefit of the organization.

The present action was instituted by an unincorporated organization to recover a penalty of $200 by virtue of said tenth section, and at the trial, in the District Court of Newark, the defendant moved for a nonsuit, on the ground that the enactment was unconstitutional. The plaintiff, however, had judgment, which, on appeal, was affirmed in the Supreme Court, and it is now before this court by writ of error.

In *Gottlob* v. *Schmidt, 37 Vroom* 180, the Supreme Court rightly held that as the penalty is to be sued for in an action of debt, the amount to be recovered must be determined, within the limits prescribed, by the plaintiff before the suit is brought. The question presented, therefore, is whether the legislature could and did constitutionally confer on the plaintiff the power of fixing, within limits defined, the penalty to be exacted for its own use.

By the express terms of the statute the penalty is to be recovered in addition to the damages, costs and expenses necessary to give full compensation to the plaintiff for the injury suffered through the unlawful use of the label. Enactments of this nature go, in my opinion, to the very verge of the sphere protected from legislative interference by the principle implied in the constitution that the private property of one person shall not be taken for the private use of another. But under the authority of decided cases it must be conceded that the legislature is not prohibited from enacting that the penalties imposed for public offences, which work special injury to individuals, shall be recovered for the benefit of those individuals, although they exceed compensation for the injury sustained. A controlling authority on this subject is *Missouri Pacific Railway Co.* v. *Humes, 115 U. S. 512*, where the federal Supreme Court held that a

state statute which gave to the injured party double damages for the loss of cattle did not violate the constitutional interdict against depriving persons of property without due process of law. The right to punitive damages in certain cases and the rights of informers under penal statutes rest upon a similar doctrine, which appears to be that the government need not take to itself for public use that which for public reasons it authorizes to be exacted from offenders against common or statutory law.

But an examination of the cases discloses that inasmuch as the penalty, when not required to compensate the injured party, must necessarily proceed on public considerations, the amount of the penalty is always ascertained by some public agency. Thus, in the case of exemplary damages and under many penal statutes and ordinances, a judicial tribunal fixes the amount. In other statutes the legislative body prescribes either the absolute sum or a standard for ascertaining the sum proportioned to the wrong done. But in the case now before us none of these just limitations is observed. The legislature has attempted to devolve upon the private party the duty or power of weighing the public considerations on which the penalty should be measured. It has said, in effect, we do not know what penalty will be appropriate to prevent or to punish violations of this statute; we perceive that less than $200 would be inadequate and more than $500 would be excessive, but beyond this we cannot decide; nor are we willing to submit the matter to some other public and impartial tribunal; we leave it to the determination of the party to be benefited thereby.

Such a course seems to us unconstitutional. The fixing of the precise legal penalty to be imposed must be essentially either a legislative function, in which only general considerations can have weight, or a judicial function, in which general considerations may be modified by special circumstances. As a legislative function the power has been partly exercised in the statute, which, under constitutional regulation, must precede the commission of offences. There re-

mained, to complete the object of government, only the judicial function. The power to discharge that function could not be conferred upon anybody without making provision for a hearing of the party concerned before the penalty to be borne by him was determined, and even with that provision it could not be conferred upon the party for whose benefit the penalty was to be exacted. Manifestly it was not delegated by the present enactment. A man cannot be regarded as discharging a judicial function when he reaches a determination in his own interest without hearing his adversary.

No judicial authority has been found sanctioning a statute like that now in question. The case of *Piper* v. *Chappel,* 14 *Mees. & W.* 624, has been referred to as tending in that direction. There the Plumbers Company of London, under its ancient charter, made a by-law prescribing certain duties to its members, and declaring that for any violation a penalty should be incurred of £5, or less, at the discretion of the master and wardens of the company, but not less than forty shillings. This form of prescribing the penalty was held by the Court of Exchequer to be reasonable, upon the ground, as I read the case, that by the charter the company had over its members both legislative authority—"to make reasonable ordinances and provide penalties"—and judicial authority— "to hold a court or convocation to determine respecting the violation of ordinances." Under the legislative authority it enacted the by-law and penalty, and under the judicial authority it adjusted the penalty to the particular case. The power of the British parliament to lodge such authority in the company was not questioned, and is, I suppose, unquestionable. But, without adverting to the limitations of legislative power in this country, the delegation to a corporation of authority over its own members is totally different from the delegation of like authority to private persons, to be exercised over individuals in the community at large.

Our conclusion is that under this tenth section the powers of government have not been and cannot be fully exercised for the imposition of penalties upon offenders against the

statute—in other words, that the exaction of penalties in accordance with its provisions would be the taking of property without due process of law—and consequently those provisions are invalid.

The judgment under review should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, GARRETSON, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 12.