ELIZABETH JOHNSON, Appellant, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

Division Two, March 16, 1917.

1. **DAMAGES: Sec. 5425: Suing for Only $2000.** The language used in Sec. 5425, R. S. 1909, namely, that defendant "shall forfeit and pay as a penalty the sum of not less than two thousand dollars, and not exceeding ten thousand dollars, in the discretion of the jury," means that the $2000 is penalty alone, and the amount which plaintiff may recover above that sum is not penalty, but compensation for loss, which is to be established by evidence; and that being true, plaintiff may sue for $2000 as a penalty, and for that alone, and may forego her right to compensation, if any such right she has. [Following Boyd v. Mo. Pac. Ry. Co., 249 Mo. l. c. 126.]

2. ——: ——: ——: **Constitutionality.** Since the statute it-self fixes the penalty plaintiff may recover at $2000, it is not therefore to render the statute unconstitutional, to permit her to sue for $2000 as a penalty alone and to forego any demand for compensation.

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. Harold Olson* and *T. J. Madden* for appellant.

*Frank Hagerman, E. E. Ball* and *Clyde Taylor* for respondent.

FARIS, J.—This case comes to us by transfer from the Kansas City Court of Appeals, because it was strenuously urged by respondent that the interpretation of section 5425, Revised Statutes 1909, for which appellant contended to sustain her verdict *nisi*, rendered that section unconstitutional.

Upon an examination of the whole case the Kansas City Court of Appeals felt constrained, in a learned and ably reasoned opinion by Judge TRIMBLE, in which all

of that court concurred, to put upon said section the identical construction which was banned by the anathema of respondent. Therefore, in order that this court might determine whether the construction placed on said section does render it unconstitutional, the Court of Appeals sent the case to us.

The facts in the case, the view taken of the law and the precise nature of the constitutional question urged as arising from the view taken, are all carefully set forth and discussed in the opinion of the Kansas City Court of Appeals (Johnson v. Railroad, 174 Mo. App. 16), in which we concur. This opinion, so far as it is pertinent, is as follows:

"Plaintiff brought this suit under section 5425, Revised Statutes 1909, to recover a penalty of $2000 for the death of her husband caused by the alleged negligence of defendant's servants whilst running one of its trains.

"The husband, while lying drunk upon the railroad track, was run over and killed by defendant's train, as it was being backed out of the Union Depot in Kansas City, where it had just delivered its passengers. A pilot, who had charge of the train, and who controlled it the same as an engineer, was stationed on the rear end. In substance, the petition claimed that the track where deceased was killed was in a busy part of the city and was used as a pathway by pedestrians at all times of the day and night, which fact was known to defendant, and it was thereby the duty of defendant's servants, and especially the duty of this pilot, to keep a vigilant lookout for persons on the track to avoid injuring them; that the pilot, after he saw deceased on the track could have avoided killing him, but negligently failed to do so. The petition closed with the following: 'That by reason of the premises plaintiff has been damaged and defendant should be made to forfeit and pay as a penalty the sum of two thousand dollars, for which amount, with the costs of this action, she demands judgment.'

"The answer was a general denial and a plea of contributory negligence, to which a reply was filed, and the trial began. Defendant objected to the introduction of any evidence for the reason that the petition did not state a cause of action. The sole ground of this objection was, that the statute on which the suit is based provides a certain penalty, but that penalty is not declared upon nor demanded in the petition, and, therefore, plaintiff has not brought her petition and case within the terms of the statute; in other words, since the petition did not declare upon the penalty provided in the statute, it stated no cause of action. This objection was overruled, and the case proceeded to verdict and judgment in plaintiff's favor for $2000. On motion for a new trial, however, the above point was again raised, and the trial court sustained defendant's contention in regard thereto, and granted a new trial for the reason that, the suit being on section 5425, it does not lie within the power of the plaintiff to bring suit for a sum or penalty less than that provided by the section, and, therefore, a suit for the sum of two thousand dollars is not maintainable. Plaintiff appealed from the order granting a new trial. And the sole question presented is, can a plaintiff, under the section in question, as it *now* stands, sue for less than the maximum provided by that section? Or, to state it a little more accurately, can the plaintiff under said section limit her demand to $2000, or must she sue for whatever amount may be assessed by the jury in its discretion within the limits provided by the statutes, namely, a minimum of $2000 and a maximum of $10,000?

"Prior to the amendment of 1905, the amount recoverable for a death coming within the terms of this statute was placed at the fixed and immovable sum of $5000. Plaintiff could then recover neither less nor more. The words of the statute as to the penalty were 'shall forfeit and pay for every person or passenger so dying, the sum of five thousand dollars.' Under the section as it thus stood, prior to 1905, it was held that,

as the amount specified in the statute was absolutely fixed at $5000, no more and no less, a suit could not be maintained which sought to recover less than that sum; that under such a statute, a plaintiff must declare for and seek to recover the precise or full measure of the penalty therein provided. [Casey v. St. Louis Transit Company, 116 Mo. App. 235, l. c. 260; Same Case, 205 Mo. 721, l. c. 723.] Since those decisions were rendered, however, the statute has been amended. [Laws 1905, p. 135.] That part of the section fixing the amount recoverable now reads, 'shall forfeit and pay as a penalty, for every such person, employee or passenger so dying, the sum of not less than two thousand dollars and not exceeding ten thousand dollars, in the discretion of the jury.'. The question now is, has this change in the statute rendered it permissible for the plaintiff to do in this case what she could not have done under the statute as it formerly stood?. Unless this amendment has so changed the law that the reasons underlying the above named cases have ceased to exist, then said cases require with absolute certainty that the judgment of the lower court be affirmed. Have these reasons ceased to exist by virtue of the amendment? To answer this question we must first examine these reasons and then see whether or not the amendment has obviated or destroyed them.

"As the Supreme Court adopted the opinion of the St. Louis Court of Appeals in the Casey case, the reasons underlying both of the above named decisions are to be found in an examination of that opinion.

"The fundamental reason appearing therein why the plaintiff could not sue for less than the *fixed and precise* sum named by the statute was that the statute gave said sum as a penalty; and as the statute was thus penal, it must be strictly construed, and 'the suing party must bring himself strictly within its provisions and, among other things, *demand and recover the precise amount of the penal sum therein provided.*' [Casey v. Transit Co., 116 Mo. App. l. c. 252.]

"Now, it must be borne in mind that, as the statute then stood, this penal feature *inhered in and existed throughout the whole of the* $5000 *allowed.* It necessarily must have done so since the amount was fixed at that precise sum, no more and no less, and if penal at all was penal throughout. It is true the statute was held to be both remedial and penal, but its remediality, if any, and *its penalty existed in and pervaded the whole sum named,* thus making the whole sum a penalty. In other words, as the amount named by the statute was one fixed and certain sum there was no room for saying that a part of it would be considered penal and the remainder remedial. Both the penal and remedial features inhered in the amount throughout. Consequently whatever sum a plaintiff might seek to recover would have in it this penal feature. And if a plaintiff would seek to recover a penalty provided by the statute, he must ask for that penalty and no other. As said in Casey v. Transit Co., 116 Mo. App. 252, l. c. 254, speaking of the rule of strict construction, as applied to the penal and not the remedial feature of the statute, 'it is manifest from the use of the word "forfeiture" by the Legislature, together with the consideration that no evidence is to be heard and no day in court to be had on the amount of plaintiffs' damages and the measure of their recovery, that the amount named in the statute should be a penalty inflicted as a punishment upon the person guilty of the wrongs therein sought to be prevented. Applying then the rule of strict construction to the penal feature of the statute, the conclusion is that the penal sum therein fixed at $5000 means $5000. It does not mean $4500 no (any) more than it means $450 or forty-five dollars. Indeed it seems that the Legislature intended that the perpetrator of the mischief sought to be prevented should pay the full penalty levied and did not intend that the private citizen might fritter away that penalty provided by virtue of the police power of the State for the purpose of preventing wrongs, so that conditions might arise where one offender would pay $5000 and another

be permitted to pay $4500 and another a much less sum as might suit the convenience of the party putting the statute into operation by his suit.' All of which means that *as the whole of the* $5000 *is penal,* that is, the penalty inheres in all of it, as shown by the language of the statute and the fact that *no evidence is admissible on either side as to the amount of damages,* then a plaintiff must seek to recover the penalty provided, and will not be allowed to *whittle down* the State's penalties to suit his or her convenience, thereby making different penalties in different suits for the same character of acts.

"But in the statute, as now amended, *does the penal feature inhere throughout the entire sum* from the minimum limit of $2000 to the maximum limit of $10,000? In answer to this question whether or not the entire amount from one limit to the other is penalty, or has in it the elements of penalty, it would seem that, if the language of the statute is accepted as it reads, then the element of penalty extends throughout the whole of the amount specified by those limits. It says, 'shall *forfeit* and pay as a *penalty* the sum of not less than two thousand dollars, and not exceeding ten thousand dollars, in the discretion of the jury.' The word 'forfeit' implies a penalty and the words 'as a penalty' expressly say it is such. So that on the mere face of the statute it would seem that the entire amount allowable was intended as a penalty. And in Young v. Railroad, 227 Mo. 307, the Supreme Court held that the whole amount allowed by the statute between the two limits was *penal* in character; and in Boyd v. Railroad, 236 Mo. 54, the holding is that it is both penal and remedial or compensatory, that is, that the penal feature exists along with the compensatory feature throughout the range fixed by the statute between the two limits. But in Boyd v. Railroad, decided March 28, 1913, and reported in 249 Mo. 110, 155 S. W. 13, l. c. 17, the Supreme Court expressly overrules the Young case in so far as it holds that the statute is penal throughout, and also expressly overrules the former decision in

the Boyd case in the 236 Mo. 54, in so far as it holds that there is anything penal existing in the range permitted above $2000. And, in lieu of the doctrine announced by either the Young or the first Boyd case on this point, the Supreme Court announced the rule that said section, as it now stands, *is penal so far as it fixes the amount of recovery at not less than* $2000, but is remedial and compensatory *as to any recovery in excess of that amount.* Of course this decision, in holding that the statute, by fixing the minimum at $2000, is *purely* penal, does not say, in express terms, that the *excess is purely* compensatory; in other words it does not expressly say that the penal feature does not extend above the $2000 and inhere therein throughout the range given along with the compensatory feature. But evidently that is the holding, else why expressly overrule the Boyd decision in 236 Mo. 54, which held that the whole range was both penal and compensatory?

"It is also apparent that, in this last Boyd case, there is a distinction between a case in which only the penalty is demanded and one in which both penalty and compensation are sought. On page 16 of the 155 S. W. Reporter, the court say:

" 'Upon a full consideration of this case In Banc, we are convinced that it was the intention of the General Assembly by the amendment of 1905 to leave the provisions of section 5425, supra, penal in their nature, so far as said section fixes the amount of recovery at not less than $2000, *but where a plaintiff,* as in this case, *seeks to recover* under said section *a larger sum than* $2000; the jury or court in preparing itself to exercise a wise and just discretion should receive evidence of the age, condition of health, and earning capacity of the party killed, and the consequent loss to the plaintiff thereby, together with the facts and circumstances attending the killing, for which damages are sought to be recovered. In other words, a recovery under section 5425, Revised Statutes 1909, is penal up to the sum of $2000, but the extent to which a plaintiff may recover, *if at all,* in excess of $2000, under that

section, is remedial and compensatory.' That is to say, if a plaintiff sues for penalty *only*, no evidence as to age, health and capacity of the deceased is admissible, since it would not help in any way, as the penalty must be applied regardless of these considerations, if the jury believe the deceased's death was within the terms of the statute; but, if the plaintiff 'seeks to recover a *larger* sum than $2000' such evidence is admissible and should be given. Evidently, therefore, there is a distinction between a suit for the *bare* penalty and one for the penalty with compensation. Because if every plaintiff suing under the statute must demand the maximum amount in the petition, what is the necessity of saying that the statute is penal as to the $2000? But where a plaintiff 'seeks to recover a *larger* sum than $2000,' evidence as to the *loss* plaintiff has sustained must be given. If all petitions must demand the full amount there was no necessity for using such language, but the court could merely have said that in all such suits evidence showing plaintiff's *damage* was admissible. It would seem, therefore, that the last Boyd case holds that the statute is penal only as to the $2000 and compensatory as to any thing in excess of that sum. If so, then the State has given to plaintiffs in such cases, not merely *one* right, but one of *two* rights, namely, the right to sue either for the penalty *alone* or for both penalty *and* compensation. And if this is true, who is to say to plaintiff, 'You cannot sue merely for the penalty, but must sue for both penalty and compensation?' Grant it that a plaintiff is not allowed to vary or change the penalty prescribed by the State for the commission of a certain act; to sue for the $2000, under the statute, as it now stands, is not to *vary* the penalty; it is to demand the precise sum fixed as penalty. The only thing plaintiff has varied, or rather given up, is her right to demand compensation. It is not certain that she has given up any compensation since the question whether she is entitled thereto or not depends on whether she has suffered damage. But whether she has given up her right to be com-

pensated or not, is not a matter of State concern. The matter of compensation is hers to give up or sue for as she chooses. She may give it up, either by not asking for compensation in her petition, or, if she has demanded it therein, by not offering any evidence showing that she is entitled to compensation. As the penalty is the lowest amount provided, it is no injustice to the defendant to permit plaintiff to forego the element of compensation *either* in her *petition* or in her *evidence*. If she is to be compelled to ask for it in the one, why should she not be refused entirely if she does not seek it in the other? It does not lie in defendant's mouth to complain because it is not called upon to pay a larger sum.

"It is argued that if the statute is thus construed so as to permit a plaintiff to sue for less than the maximum, then we are placing on it a construction which will render it unconstitutional. With its constitutionality, of course, we have nothing to do. However, this claim that such a construction will render the statute unconstitutional is based on the view that the statute is penal, not only as to the $2000, but also as to *everything in excess* of $2000, and that to allow a plaintiff to sue for any amount less than $10,000, is unconstitutional in that it is permitting *her* to fix the penalty; that, in such case, the penalty is fixed, not by the legislative power, but by the plaintiff in each particular case. [Citing Cigar Makers' International Union v. Goldberg, 61 Atl. 457.] Since the Supreme Court in the last Boyd case, supra, has said that the statute is penal as to the $2000, but is compensatory as to the excess, there is no basis upon which to rest the claim that such construction would make the statute unconstitutional. But whether it is or is not thus rendered unconstitutional is a question for the Supreme Court to pass upon whenever its constitutionality is attacked. If the $2000 is all penalty, and all over that is merely compensation, then the legislative power has fixed the penalty at $2000, and plaintiff, by suing for $2000, is not fixing the penalty, but is demanding what has al-

ready been fixed by the Legislature. The view that the statute is penal throughout the whole range between the two limits fixed therein, as announced in the Young case, supra, and the view that it is both penal and compensatory as to anything in excess of $2000 announced in the first Boyd case, has been repudiated by the Supreme Court in the last Boyd case, since, in it, the two above named cases are expressly overruled.

"It is urged that the penalty is to be fixed 'in the discretion of the jury,' and that to allow plaintiff to sue for $2000 is to take away that discretion. This again assumes that the excess over $2000 is penal in its nature. But if it is not and only the $2000 is penal, then as to the *penalty* the jury has no discretion. If it believes that plaintiff was killed within the terms of the statute then the penalty is fixed, and its discretion operates *only upon the compensatory part of the recovery*. Even though a plaintiff bring a suit asking for the maximum amount, yet if no evidence is offered upon which the jury can exercise its discretion as to compensation, the amount allowed cannot exceed $2000, because, in that event, there is nothing upon which a verdict for a greater amount can be based. 'The discretion of the jury' has nothing upon which to operate. But as to the $2000, if the killing was within the terms of the statute, *there is no discretion;* the penalty must be given. If, now, a plaintiff, by a mere failure to offer evidence on the compensatory feature, can take from the jury the discretion to award a larger amount than $2000, what is there to prevent such plaintiff from drawing her petition and bringing her suit in such way as to limit her recovery to the penalty purely and thereby limit the jury to the precise sum of $2000? In either case the jury is limited as to the amount of its verdict. And in both, if the jury believes the testimony tending to show that the death occurred under such circumstances as the statute requires, *there is no discretion to be exercised,* but the jury must impose the pure penalty fixed by the statute, namely, $2000. So that after all, the question comes down again to whether the last Boyd

case means that, as to the $2000, the statute is penal, but *not as to any amount in excess of that sum.* From the language used, as well as from the fact that it expressly overrules both the Young and the former Boyd cases (both of which held that it was penal as to such excess), we accept it as holding that it is penal only as to the $2000 and not as to any amount above that sum. If that is the correct view, then plaintiff has a right to sue for the penalty only, and to forego her right to compensation, if she was entitled to any compensation.

"It is urged that plaintiff brought this suit for $2000 only in order to keep out of the Federal courts. But if, under the statute, only the $2000 is penalty, then she has a right to sue for that alone. And if she has a right to sue for it alone, her reasons for not also suing for compensation cannot be inquired into, nor impugned. So far as that is concerned, as the penalty sued for is the *lowest* amount recoverable under the statute, she could in turn charge defendant with insisting that it be sued for the larger amount *solely* in order that the case could be taken to the Federal court. In either case, it is not a question of the motives of litigants, but of their rights under the law. The same is to be said in response to the objection that such a construction will enable a plaintiff to work a fraud upon the jurisdiction of the courts. There can be fraud worked upon the jurisdiction of the courts by bringing a suit solely for the penalty, if there is a clear line of demarcation between the penal and compensatory features of the statute. As the holding of the last decision in the Boyd case by the Supreme Court is that the statute in question is penal only as to the $2000 and compensatory as to anything in excess of that amount, the logical result of such holding is that plaintiff can sue for the penalty prescribed without asking for compensation."

Regarding the phase of unconstitutionality urged in the event it should be held that plaintiff could sue for the sum of $2000 only, if she so elected, it is enough to say that it is plain that whatever merit there might

have been in this contention has been wholly destroyed by the opinion of this court In Banc in the case of Boyd v. Missouri Pacific Ry. Co., 249 Mo. 1. c. 126, which latter case came down while the appeal in the instant case was pending. After a careful re-examination of the Boyd case, upon the question of the nature of the elements of recovery, we are again constrained to say that it seems to put upon said section 5425—the history and language of which when measured by the settled canons of construction render its meaning debatable— the most logical and reasonable construction possible.

It follows that this case should be reversed and remanded with directions to the circuit court to reinstate the verdict of the jury and enter judgment thereon for the plaintiff. Let this be done. All concur.