## In re ST. LOUIS & TENNESSEE RIVER PACKET CO.

(District Court, E. D. Missouri, E. D.    September 9, 1920.)

No. 4953.

1. **Shipping ⬠209(3)—Evidence held to show sinking of steamboat was due to negligence of crew.**

Evidence that a steamboat struck an obstruction and sank 50 yards outside of the channel, near a point where there had been a snag visible above the water for several months, *held* to warrant the inference that the vessel struck the snag, and that the cause of the accident was the negligence of the crew.

2. **Admiralty ⬠23—State statute, penal only in part and allowing damages for death, can be enforced.**

If it be doubtful whether admiralty courts will enforce a claim on a penal statute, they will enforce a claim founded on Rev. St. Mo. 1909, § 5425, allowing penalty and damages for death caused by negligence of a steamboat crew, which has been held by the state court penal to the extent of the minimum allowance, and compensatory as to any allowance above the minimum sum.

3. **Shipping ⬠209(2)—Insurance money need not be paid into court to secure limitation of liability.**

The owners of a foundered steamboat need not, in order to secure limitation of liability, pay into court the insurance money on the steamboat collected by them, as part of their interest in the vessel and pending freight.

4. **Shipping ⬠208—Liability may be limited, where loss was due to negligence of crew.**

The mere fact that the loss of a vessel, shown by the evidence to have been seaworthy and manned by a competent crew, was occasioned by negligence of the crew in the navigation thereof, does not establish privity or knowledge of the owners, so as to preclude limitation of their liability.

In Admiralty. Application by the St. Louis & Tennessee River Packet Company for limitation of its liability as owner of the steamboat St. Louis. Decree entered limiting liability.

Thomas K. Skinker, of St. Louis, Mo., and Charles K. Wheeler, of Paducah, Ky., for libelant.

Douglas H. Jones and James J. Connell, both of St. Louis, Mo., for claimants.

FARIS, District Judge. This is a proceeding in admiralty, by which petitioner, a corporation, and former owner of the foundered steamboat St. Louis, seeks to have decreed a limitation of its liability, under sections 4283–4287, R. S. U. S. (Comp. St. §§ 8021–8025), for all damages accruing through the sinking of said steamboat, and to enjoin all claimants from prosecuting actions for loss or damage, except in this court under the applicatory statutes and proceedings. The St. Louis, on its return voyage to the city of St. Louis from certain Tennessee river points, about 1 o'clock in the morning of September 2, 1918, struck some unknown obstruction in the Mississippi river at a point 22 miles south of the city of St. Louis and sank. At the time she sank she was in the channel of the river. On this point the proof

discloses that the place at which she came in contact with the obstruction, which caused her to sink, was some 150 feet east of the east limit of the channel. Limitation of liability is contested here by one E. B. Samuels, as the guardian and curator of certain infant children of one Nora R. Robertson, deceased, who has come in, pursuant to process, to answer the libelant's petition, as also by others, touching whose claims, however, no separate discussion need be set out. Decedent, a passenger upon the St. Louis, lost her life by drowning when the boat sank, as a result, it is averred, of libelant's negligence. This causal negligence is averred, among numerous other charges thereof, which it is not necessary to mention, as consisting (a) in permitting the boat to get out of its course in the darkness, and (b) in striking a snag which had for a long time prior to the casualty been in the river, where it either was seen, or could easily have been seen, by the crew in charge of the boat. There are 14 other charges of negligence. Some of these may, upon both the law and the facts, be well taken; some of them, obviously, are not well taken, either upon the law or the facts. Regardless of this, however, I deem it unnecessary to consider for the purposes of this case any except the 2 above referred to, and these I find it necessary to consider together.

When the boat struck, she was in deep water. The evidence shows that the channel is at this point some 500 yards wide. She struck within 50 yards of the east side of the channel. At or near this point there had lain for a long time a snag, which at the stage of water prevailing was visible above the water. Numerous witnesses say that this snag had been so visible for many weeks; some say for many months. It is true that there is no direct evidence that the boat struck this particular snag. But she sank right near it, almost right by it. Her sinking is conceded to have been due to striking an obstruction, which ripped her hull open, and no other obstruction of any sort is shown to have been in the vicinity. No particular effort as disclosed by the evidence seems to have been made in order to accurately determine the precise cause of her loss, or indeed the precise facts of the casualty. Some excuse is found for this, in the fact that in a day or two after she sank the river rose rapidly and removed the snag, or covered it up, and also tore away and destroyed the wreck.

[1] I. I find from the evidence that the fair inference of fact to be deduced from the circumstances is that the boat struck a snag which had long lain in the edge of the channel at this point, and which either was known to be there, and to be a menace to navigation, or ought to have been so known to the crew in charge of this boat. I conclude from this that the sinking of the boat was due to the negligence of the crew in charge thereof, and that cæteris paribus libelant is liable for the ensuing damages.

[2] The statutes of the state of Missouri provide that—

"Whenever any person * * * shall die from any injury resulting [from] or occasioned by the negligence of any master, pilot, engineer, agent, or employé whilst running, conducting or managing any steamboat, or any of the machinery thereof, * * * the corporation * * * in whose employ

any such * * * master, pilot, engineer or driver shall be at the time such * * * injury is received, resulting from or occasioned by any defect or insufficiency, * * * negligence or criminal intent above declared, shall forfeit and pay as a penalty, for every such person * * * or passenger so dying, the sum of not less than two thousand dollars and not exceeding ten thousand dollars, in the discretion of the jury, which may be sued for and recovered * * * by the minor child, or children of the deceased." Section 5425, R. S. of Mo. of 1909.

This so-called penal sum of the Missouri statute has been held by the Supreme Court of Missouri to be both penal and compensatory. Boyd v. Missouri Pacific Ry. Co., 249 Mo. 110, 155 S. W. 13, Ann. Cas. 1914D, 37; Johnson v. Railroad, 270 Mo. 418, 193 S. W. 827. If it be doubtful whether courts of admiralty will enforce a claim bottomed upon a mere penal statute, I take it that such doubt should be resolved in favor of the claimant, where the statute invoked is held to be penal, up to the sum of $2,000, the minimum amount of recovery permitted, and compensatory thereafter, up to $10,000, the maximum amount of recovery permitted.

So much is said upon the merits, on the theory that no claimant herein sought to be enjoined, and against whom libelant seeks to have its liability limited, will have any standing to contest such limitation of liability, unless such claimant has a valid, or at least a colorable, cause of action. I conclude there is a valid claim in favor of the claimant Samuels, as guardian and curator of the minor children of the decedent, which claim he is entitled to present before the commissioner for allowance.

II. Coming to the question of the right of libelant to have limitation of its liability decreed under the statutes invoked (sections 4283–4287, R. S. of U. S.), I am constrained to conclude that the limitation prayed for ought to be decreed. The evidence shows a full complement or crew of competent officers, as well as the seaworthiness of the boat, for she was staunch, practically new, and well found. It also shows statutory clearances and the fact that all statutory requirements as to a full crew had been complied with, and that all requisite life-saving appliances were on board. I need not go further into that.

It is contended, however, that limitation of liability ought to be denied here, because (a) the casualty was caused by the negligence of the crew in charge of this boat, and (b) because the insurance on the boat, amounting to $22,500, was collected by libelant, but not turned over to the trustee as constituting any part of the owner's interest in the vessel and pending freight.

[3] There is no sufficient evidence that, aside from the insurance money collected, the owner's interest in the vessel and all pending freight have not been properly turned over to the trustee. I find that as to this libelant has in all things complied with the requirements of the statute. In passing, it may be said that the contention of this claimant touching the alleged statutory duty of libelant to turn over the insurance money collected, as a condition precedent to a decree for limitation of liability, has already been struck out under the authority of The City of Norwich, 118 U. S. 468, 6 Sup. Ct. 1150, 30 L. Ed. 134, which case I have felt it my duty to follow, while taking

leave to doubt both its logic and conclusion. This contention is therefore disallowed, solely on authority of the Case of City of Norwich, supra.

[4] The question whether the fact that the crew were guilty of negligence (which finding is at least necessary to establish the right of claimant to participate in the assets if a limitation shall be decreed), will, at the same time, preclude the granting of a limitation of liability, seems to be equally as well settled by the authorities against the contentions of claimant. Deslions v. La Compagnie Générale Transatlantique, 210 U. S. 95, 28 Sup. Ct. 664, 52 L. Ed. 973; La Bourgogne, 139 Fed. 433, 71 C. C. A. 489. In the case of Deslions v. La Compagnie Générale Transatlantique, supra, 210 U. S. at page 122, 28 Sup. Ct. at page 673, 52 L. Ed. 973, this was said by the Supreme Court of the United States:

"Without seeking presently to define the exact scope of the words 'privity' and 'knowledge,' it is apparent from what has been said that it has been long since settled by this court that mere negligence, pure and simple, in and of itself does not necessarily establish the existence on the part of the owner of a vessel of privity and knowledge within the meaning of the statute. And nothing to the contrary is properly to be deduced from the case of The Main, 152 U. S. 122, so much relied upon in argument, for that case did not purport in the slightest degree to overrule or qualify the previous decisions, and was concerned, not with the meaning of the words privity and knowledge, but with the rule to be applied in determining what constituted pending freight within the meaning of the law for the limitation of liability. And this is also true of the English cases which were cited in the opinion in that case. It may be that there are general expressions found in some cases in the lower federal courts, decided both before and after the Hill Case, which lend color to the assumption that privity and knowledge as defined in the statute is but the equivalent of mere negligence. Such of the cases relied upon, however, as were decided before the authoritative interpretation of the statute in the Hill Case, were necessarily overruled by that decision, and so far as those decided since may be inconsistent with the previous rulings of this court, they are clearly not entitled to weight."

The points discussed dispose of all the decisive questions in the case. I conclude (a) that the prayer for limitation of liability should be granted; (b) that the casualty—that is, the loss of the vessel—was proximately caused by the negligence of the crew in charge of her; (c) but that such negligence and the result thereby occasioned were not done or had with the privity or knowledge of the owner of the vessel; (d) that the petitioner has duly surrendered all its interest in the St. Louis and her pending freight, by the transfer heretofore made by it to the trustee; (e) that the claims filed in the cause, including that for negligently causing the death of Nora Ramer Robertson, be referred to the commissioner herein, to take testimony as to the amount of such claims, and report upon the same to this court, together with his opinion, with all convenient speed; and (f) that all claimants who are defendants in this cause be enjoined from prosecuting claims in any court, or jurisdiction other than this court, and before the commissioner in this cause and in this behalf appointed and designated.

Let a decree be drawn and entered accordingly.