CITY OF DAYTONA BEACH, *et al.,* v. NEWS-JOURNAL CORPORATION.

163 So. 520.
Opinion Filed October 18, 1935.

*Willard B. Conklin, Leon J. C. Harton* and *H. E. Couchman,* for Appellants;

*Green & West,* for Appellee.

PER CURIAM.—The appeal here is from an order entered by the court below in a suit filed by the appellee against the appellant to restrain the publication of a deliquent tax list by the Daytona Beach Independent Publishing Company, Inc., under an award to it by city officials of the City of Daytona Beach upon a bid made pursuant to request for bids under the provisions of Section 45 of the City Charter, which bid by the Daytona Beach Publishing Co., Inc., was alleged in the bill of complaint to have been for and at the price of $1.80 per inch for such publication, while News-Journal Corporation at the same time submitted its bid to publish the list for and at the price of Sixty cents (60c) per inch and that said News-Journal Corporation was a publisher of a newspaper of general circulation in the City of Daytona Beach and that it was in all respects qualified and in position to publish the legal notice of delinquent tax sale.

The order appealed from was in the following language, after stating certain inducements:

"Ordered that the Defendant, Daytona Beach Independent Publishing Company, Inc., a Florida Corporation, be, and it is hereby restrained and enjoined until further order of this Court, from publishing and/or circulating and/or distributing the 1934 delinquent tax list of the City of Daytona Beach, Florida, under or pursuant to the purported contract or authority therefor by the Defendant, City of

Daytona Beach, acting through its City Commission or City Manager on December 1st, 1934.

"DONE AND ORDERED this 6th day of December, A. D. 1934, at Daytona Beach, Volusia County, Florida, 3:32 P. M."

We think the law of this case is ruled by the opinion and judgment of this Court in the case of Daytona Beach, *et al.,* v. News-Journal Corporation, 116 Fla. 706, 156 Sou. 887, which opinion was filed in this Court on September 28th, 1934.

It appears from the record now before us that bids for the printing involved in this case were requested about November 27th, 1934, and were submitted about December 1st, 1934.

The record shows that the appellants here entirely disregarded the law as enunciated by this Court in the case above cited and, therefore, knowingly and deliberately entered into an *ultra vires* contract.

The order appealed from is affirmed upon authority of the opinion and judgment in the case just above referred to.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.

DAVIS, J., dissents.

DAVIS, J. (dissenting).—My view is that Section 45 of Chapter 10466, Acts 1925, is a limitation upon the authority of the City of Daytona Beach to make binding contracts for public printing of the City in *all* matters of publication *except* the publication of the delinquent tax list. I do not think our previous opinion in the case of City of Daytona Beach v. News-Journal Corp., 116 Fla. 706, 156 Sou. Rep.

887, forecloses this question to the contrary as the decision of that appeal turned on a general construction only.

Where taxpayers are to be penalized for the costs of publication of the notices of tax sales, I think the law contemplated that the amount of that penalty shall be ascertained, determined and fixed *by law,* not as the result of a variant contract, whether the contract be let to the lowest bidder or not. Cigarmakers' International Union of America v. Goldberg, 72 N. J. L. 214, 61 Atl. Rep. 457, 111 A. S. R. 662, 70 L. R. A. 156.

The necessary effect of any holding that Section 45 of the City Charter applies to the publication of the delinquent tax list is to invalidate the City's legal right to assess the cost of that publication *as a penalty* against the delinquent taxpayers, thereby compelling the City of Daytona Beach itself to bear that cost instead of passing it on to those delinquent taxpayers responsible for the necessity of the publication. If the object of the charter provision was economy, the construction that is now being given to it has exactly an opposite effect. This is so because it will compel the City to hereafter bear the total of the cost of publication of the delinquent tax list that has heretofore been subject to a recoupment out of those who redeem their lands from tax sale. Publication of the delinquent tax list is no ordinary publication of a legal notice such as Section 45 was intended to embrace, because it is in the nature of a process the cost of which may be assessed as penalty.